UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| North American Company for Life and Health Insurance, | ) ) ) | |
| Plaintiff, | ) ) | Case No.:  3:23CV-325-GNS |
| v. | ) ) ) | |
| Gregory Riggs, | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, North American Company for Life and Health Insurance ("North American"), hereby files this Complaint For Declaratory Judgment, and in support thereof, respectfully states as follows:

1. This is an action for a declaratory judgment under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, wherein North American seeks a declaration establishing its rights and obligations pursuant to a policy of life insurance issued on the life of Defendant Gregory Riggs. North American is entitled to the relief it seeks because of material misrepresentations or omissions submitted in the application for the policy—upon which North American relied on in issuing the policy—and the concealment by the policy applicant of certain material facts the applicant knew and ought to have communicated to North American. There is, therefore, an actual controversy of a justiciable nature, concerning the rights and obligations of the parties under the subject life insurance policy.

US.358218402.01

## PARTIES

2.  Plaintiff North American is a life insurance company incorporated and existing under the laws of the State of Iowa with its principal place of business in Iowa.

3.  Defendant Gregory Riggs, the individual owner and insured under the policy at issue, is a natural person, residing, in Hodgenville, Kentucky.

## JURISDICTION AND VENUE

4.  Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions where: (1) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs; and (2) there is complete diversity between the parties.

5.  The amount in controversy requirement is met. Policy No. LB42125493 (the "Policy") is a term life insurance policy for the face amount of $200,000. As this is an action seeking to declare the validity of the Policy, the value for purposes of amount in controversy is the Policy's face amount as the object of the litigation.

6.  Diversity of citizenship is also met. Mr. Riggs is a citizen of and domiciled in the state of Kentucky. North American is incorporated under the laws of the state of Iowa and has its principal place of business in the state of Iowa. Therefore, North American is a citizen of the state of Iowa.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to the claim occurred herein.

## FACTUAL BACKGROUND

8.  On or about June 25, 2021, Mr. Riggs submitted an application (the "Application") to North American for a $200,000 term life insurance policy, insuring his life. A true and correct copy of the Application, is attached hereto as Exhibit "A."

9. In completing the Application, Mr. Riggs was required to provide truthful and accurate information and responses.

10. North American relied upon the answers recorded on the Application in determining whether Mr. Riggs was insurable and qualified for the policy for which he was applying.

11. The Application required Mr. Riggs to accurately provide and disclose if he had, within the prior 10 years, been diagnosed or treated by a medical professional for chronic kidney disease, cardiomyopathy, or heart disease or failure.

12. In the Application, Mr. Riggs responded that he had not had any diagnoses or treatments within the prior 10 years, including diagnoses or treatments for chronic kidney disease, cardiomyopathy, or heart disease or failure.

13. On June 25, 2021, in reliance upon the representations in the Application that had been certified as true by Mr. Riggs, North American issued the Policy on the life of Mr. Riggs. A true and correct copy of the specimen Policy is attached hereto as Exhibit "B." The effective date of the Policy was June 25, 2021.

14. The Application was made part of the Policy upon its issuance.

15. After the Policy was issued, North American learned that Mr. Riggs misrepresented his diagnoses and treatments in the Application.

16. Mr. Riggs' medical records revealed that he had a history of diagnoses or treatments for chronic kidney disease, cardiomyopathy, and heart disease or failure within the ten years prior to June 25, 2021.

17. Mr. Riggs never disclosed his history of diagnoses or treatments for chronic kidney disease, cardiomyopathy, or heart disease or failure to North American.

18. The misrepresentations or omissions set forth on the Application were material, in that they induced North American to issue the Policy and substantially affected the hazard and risk assumed by North American.

19. Had Mr. Riggs truthfully represented he had a history diagnoses or treatments for chronic kidney disease, cardiomyopathy, or heart disease or failure, the Policy would not have been approved or placed in-force at the same rate class.

## COUNT I

**DECLARATORY JUDGMENT: POLICY VALIDITY, RIGHTS, AND OBLIGATIONS**

20. North American hereby incorporates by reference each and every averment of fact contained in the preceding paragraphs.

21. Mr. Riggs made misrepresentations or omissions to North American on the Application about his history diagnoses or treatments for chronic kidney disease, cardiomyopathy, or heart disease or failure.

22. The Application was made part of the Policy upon its issuance.

23. Mr. Riggs knew, or should have known, of the falsity of these representations in the Application.

24. The misrepresentations in the Application were material and invoked North American's reliance; indeed, the misrepresentations had a significant bearing upon North American's decision to issue a policy insuring the life of Mr. Riggs.

25. If Mr. Riggs had accurately disclosed his history of diagnoses or treatments for chronic kidney disease, cardiomyopathy, or heart disease or failure to North American, the Policy would not have been issued, and the Application would have been declined.

26. North American is entitled to a judicial declaration that, pursuant to Kentucky law, the Policy is void *ab initio*, as it was issued by North American in reliance upon material misrepresentations made by Mr. Riggs, or, in the alternative, that the misrepresentations constitute grounds for rescission of the Policy by North American.

## RELIEF REQUESTED

WHEREFORE, North American respectfully requests the entry of an Order by this Court declaring:

A. Whether the Policy is void *ab initio*, or in the alternative, whether North American may rescind the Policy;

B. Whether North American is awarded attorney's fees and costs associated with seeking this judgment; and

C. Whether North American is granted such further relief as this Court deems appropriate.

Dated:  June 23, 2023                                Respectfully Submitted,

 /s/ J. Tanner Watkins
J. Tanner Watkins
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
Email:  tanner.watkins@dinsmore.com

*Attorney for Plaintiff North American for Life and Health Insurance*