UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*ELECTRONICALLY FILED*

| | |
|---|---|
| North American Company for Life and Health Insurance, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Gregory Riggs, )<br>)<br>Defendant. )<br>) | Case No.: 3:23-cv-00325-GNS |

## NORTH AMERICAN'S MOTION FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff North American Company for Life and Health Insurance ("North American"), by and through its counsel of record, hereby submits this Motion for Default Judgment against Defendant Gregory Riggs due to his failure to appear or otherwise defend this action. In support of this Motion, North American respectfully states as follows:

1. North American timely moves for Default Judgment and requests this Court enter an order for default judgment and a finding the Policy is rescinded and void *ab initio*.

2. Under Federal Rule of Civil Procedure 55, the entry of a default judgment is a two-step process. First, the clerk must enter a party's default upon a showing, by affidavit or otherwise, that the party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Second, and after the entry of default, the party seeking default judgment "must apply to the court for a default judgment." *Id.* at (b)(2).

3. With this Motion, North American has satisfied both requirements for the entry of default judgment against Mr. Riggs.

4. On June 6, 2023, North American filed the Complaint for Declaratory Judgment (the "Complaint") (Dkt. No. 1).

5. On July 14, 2023, Mr. Riggs was served. (Dkt. No. 8; Dkt. No. 8-1).

6. Under Federal Rule of Civil Procedure 12(a), Mr. Riggs was required to file an answer or otherwise respond to the Complaint within twenty-one (21) days of service, or August 4, 2023.

7. Mr. Riggs failed to file a responsive pleading to the Complaint.

8. On August 29, 2023, North American filed a Motion For Entry of Default. (Dkt. No. 9).

9. On November 21, 2023, the Clerk of Court entered default against Mr. Riggs. (Dkt. No. 10).

10. Neither before nor after the entry of default has Mr. Riggs appeared, requested an extension of time to file a responsive pleading, and/or otherwise taken any action with respect to this matter.

11. By failing to plead or otherwise respond, Mr. Riggs has admitted each paragraph of the Complaint. In considering a motion pursuant to Fed. R. Civ. P. 55, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Electrical Workers Local 369 Benefit Fund v. WCT Servs. Ltd., Inc.*, 2020 WL 13652584, at *1 (W.D. Ky. Feb. 20, 2020).

12. The well-pleaded (and admitted) facts set forth in the Complaint establish Mr. Riggs' liability on two counts of declaratory judgment for rescission of the Policy and lapse of the Policy for non-payment of premium.

13. First, North American is seeking a declaratory judgment in pursuit of a declaration that Policy No. LB42125493 is void *ab initio* due to material misrepresentations in the Application:

a) On or about June 25, 2021, Mr. Riggs submitted an application (the "Application") to North American for a $200,000 term life insurance policy, insuring his life. *See* Compl., Ex. A.

b) In completing the Application, Mr. Riggs was required to provide truthful and accurate information and responses.

c) North American relied upon the answers recorded on the Application in determining whether Mr. Riggs was insurable and qualified for the policy for which he was applying.

d) The Application required Mr. Riggs to accurately provide and disclose if he had, within the prior 10 years, been diagnosed or treated by a medical professional for chronic kidney disease, cardiomyopathy, or heart disease or failure.

e) In the Application, Mr. Riggs responded that he had not had any diagnoses or treatments within the prior 10 years, including diagnoses or treatments for chronic kidney disease, cardiomyopathy, or heart disease or failure.

f) On June 25, 2021, in reliance upon the representations in the Application that had been certified as true by Mr. Riggs, North American issued the Policy on the life of Mr. Riggs. *See id.*, Ex. B. The effective date of the Policy was June 25, 2021.

g) The Application was made part of the Policy upon its issuance.

h) After the Policy was issued, North American learned that Mr. Riggs misrepresented his diagnoses and treatments in the Application.

i) Mr. Riggs' medical records revealed that he had a history of diagnoses or treatments for chronic kidney disease, cardiomyopathy, and heart disease or failure within the ten years prior to June 25, 2021.

j) Mr. Riggs never disclosed his history of diagnoses or treatments for chronic kidney disease, cardiomyopathy, or heart disease or failure to North American.

k) The misrepresentations or omissions set forth on the Application were material, in that they induced North American to issue the Policy and substantially affected the hazard and risk assumed by North American.

l) Had Mr. Riggs truthfully represented he had a history diagnoses or treatments for chronic kidney disease, cardiomyopathy, or heart disease or failure, the Policy would not have been approved, issued, or placed in-force at the same rate class.

14. Second, North American is seeking a declaratory judgment in pursuit of a declaration that the Policy lapsed due to nonpayment of premium:

a) Under the terms of the Policy, in exchange for providing in-force coverage under the Policy, North American received premiums. *See id.*, Ex. A § 4.1 ("Payment of Premiums").

b) The Policy provides a Grace Period in the event the premium was not timely paid. Specifically, the Policy states:

> Before this Policy will terminate for insufficient payment of Premium, a Grace Period of 61 days will be given for the payment of Premiums to keep this Policy in effect. Notice of such Premium will be mailed to Your last known address, or any person designated to receive Premium notices that is on record with Us, no later than 30 days prior to termination. Such notice is also sent to any assignee of record. If the Grace Period expires without payment of the Premium, this Policy will terminate as of the unpaid Premium Due Date. If the Insured dies during the Grace Period, We will deduct the unpaid Premium from the Proceeds Payable. Any payments sent by U.S. mail shall be postmarked within the Grace Period.

*Id.* § 4.2 (emphasis added).

c) On April 26, 2023, the Policy entered the Grace Period. *See id.*, Ex. C.

4

d) In accordance with the Policy terms, if North American did not receive a premium of $128.50 on or before June 25, 2023 by 8:00 pm EDT, the insurance coverage under the Policy would terminate.

e) No premium payment was received by North American on or before June 25, 2023.

15. Having complied with the requirements of Rule 55, North American is entitled to judicial declarations that, pursuant to Kentucky law, (1) the Policy is void *ab initio*, as it was issued by North American in reliance upon material misrepresentations made by Mr. Riggs, or, in the alternative, that the misrepresentations constitute grounds for rescission of the Policy by North American, and (2) the Policy lapsed for non-payment of premiums.

WHEREFORE, North American respectfully requests that the Court enter Default Judgment against Defendant Gregory Riggs.

Dated: December 6, 2023

/s/ J. Tanner Watkins
J. Tanner Watkins
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
tanner.watkins@dinsmore.com

*Attorney for Plaintiff North American Company for Life and Health Insurance*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on December 6, 2023, a copy of the above-referenced document was served via first-class mail upon the following on December 7, 2023:

Gregory Riggs
1869 Shepherdsville Road
Hodgenville, Kentucky 42748

                */s/ J. Tanner Watkins*
                *Attorney for Plaintiff North American*
                *Company for Life and Health Insurance*